## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| ELEANOR ESHENOUR, Individually and For Others Similarly Situated | **Case No.** _____ |
| v. | Jury Trial Demanded |
| STANTEC CONSULTING SERVICES INC. | Rule 23 Class Action<br>FLSA Collective Action |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### Summary

1.  Eleanor Eshenour (Eshenour) brings this class and collective action lawsuit to recover unpaid overtime wages, untimely paid wages, and other damages from Stantec Consulting Services Inc. (Stantec).

2.  Stantec employed Eshenour as one of its Straight Time Employees (defined below).

3.  Stantec paid Eshenour and the other Straight Time Employees by the hour.

4.  Eshenour and the other Straight Time Employees regularly work more than 40 hours a workweek.

5.  But Stantec does not pay them overtime wages for hours worked in excess of 40 a workweek.

6.  Instead, Stantec pays Eshenour and the other Straight Time Employees the same hourly rate for all hours worked, including hours in excess of 40 a workweek ("straight time for overtime").

7.  Stantec uniformly misclassifies Eshenour and the other Straight Time Employees as exempt from overtime.

8.  But Stantec has never paid Eshenour or the other Straight Time Employees on a

"salary basis."

9.      Stantec's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) by depriving Eshenour and the other Straight Time Employees of the "time and a half" overtime pay they are owed for all hours worked in excess of 40 each workweek.

10.     Additionally, Stantec employs numerous "manual workers," as defined by NYLL § 191, including Eshenour.

11.     Despite being manual workers, Stantec fails to pay Eshenour and the other Manual Workers (defined below) their wages within seven calendar days after the end of the week in which they earned such wages, as required by NYLL § 191.

12.     Instead, Stantec pays Eshenour and the other Manual Workers on a bi-weekly basis.

13.     Stantec thus fails to timely pay earned wages to Eshenour and the other Manual Workers.

14.     Eshenour and the other Manual Workers are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

15.     Accordingly, Stantec's failure to timely pay wages owed to Eshenour and the other Manual Workers constitutes an "especially acute injury" under NYLL § 191. *See Caul v. Petco Animal Supplies, Inc.,* No. 20-CV-3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 [N.Y. 1st Dept. 2019]).

16.     Lastly, Stantec did not provide Eshenour and the other Straight Time Employees with accurate and complete pay statements, as required under the NYLL.

### JURISDICTION & VENUE

17.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

18.     This Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

19.     This Court has general personal jurisdiction over Stantec because Stantec maintains its principal place of business in Denver, Colorado.

20.     Venue is proper because Stantec maintains its principal place of business in Denver, Colorado, which is in this District. 28 U.S.C. 1391(b)(1).

**PARTIES**

21.     Eshenour worked for Stantec as an environmental analyst in New York from approximately January 2020 through December 2023.

22.     Throughout her employment, Stantec paid Eshenour the same hourly rate for all hours worked, including hours worked in excess of 40 a workweek.

23.     And throughout her employment, Stantec paid Eshenour bi-weekly.

24.     Eshenour's written consent is attached as **Exhibit 1**.

25.     Eshenour brings this action on behalf of herself and all other similarly situated employees who Stantec paid under its straight time for overtime pay scheme and/or bi-weekly.

26.     Stantec paid each of these employees the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek and/or bi-weekly.

27.     The FLSA Collective of similarly situated employees is defined as:

> **All Stantec employees who were paid the same hourly rate for all hours worked, including hours worked in excess of 40 (straight time for overtime), at any time during the past 3 years ("FLSA Collective Members").**

28.     Eshenour also seeks to represent such a class under the NYLL pursuant to FED. R. CIV. P. 23.

29.     The New York Class of similarly situated employees is defined as:

> **All Stantec employees in New York who were paid under the same hourly rate for all hours worked, including hours worked in excess of 40 (straight time for overtime), at any time during the 6 years and 228 days[1] (the "New York Class Members").**

30.    Eshenour also seeks to represent a class of manual workers under NYLL 191 pursuant to Fed. R. Civ. P. 23.

31.    The manual worker Class of similarly situated employees is defined as:

> **All Stantec employees in New York who were required to collect groundwater, surface water, and or other environmental samples in the field, at any time during the 6 years and 228 days (the "Manual Workers").**

32.    The FLSA Collective Members, New York Class Members, and Manual Workers are collectively referred to as the "Straight Time Employees."

33.    Stantec is a New York corporation that maintains its principal place of business in Denver, Colorado.

34.    Stantec is registered to do business in Colorado.

35.    Stantec may be served with process by serving its registered agent: **Corporation Service Company, 1900 W. Littleton Blvd., Littleton, Colorado 80120**.

### Coverage Under The FLSA

36.    At all relevant times, Stantec was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

37.    At all relevant times, Stantec was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

---

[1] This class period is due to Governor Cuomo's Executive Orders that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for a total of 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op 03456 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law); *McLaughlin v. Snowlift Inc.*, 71 Misc. 3d 1226(A) (Sup. Ct., Kings Cnty. 2021) (calculating that, together, Governor Cuomo's Executive Orders lasted 228 days).

38.    At all relevant times, Stantec was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as cell phones, computers, pens, and pencils, that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

39.    At all relevant times, Stantec has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

40.    At all relevant times, the Straight Time Employees were Stantec's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

41.    At all relevant times, the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

### FACTS

42.    Stantec touts itself as "a global leader in sustainable engineering, architecture, and environmental consulting."[2]

43.    To meet its business objectives, Stantec hires employees, like Eshenour and the other Straight Time Employees, to provide environmental services to its clients.

44.    Stantec pays the Straight Time Employees by the hour.

45.    Stantec routinely schedules the Straight Time Employees to work more than 40 hours a workweek.

46.    Instead of paying the Straight Time Employees at 1.5 times their regular rates of pay for hours worked in excess of 40 a workweek, Stantec pays them same hourly rate for all hours worked.

47.    While exact job titles and job duties may differ, these employees are subjected to the same or similar pay practice for similar work, Stantec's straight time for overtime pay scheme.

---

[2] https://www.stantec.com/en (last visited January 15, 2025).

48.     For example, Eshenour worked for Stantec as an environmental analyst from approximately January 2021 to December 2023 in and around Amherst, Tonawanda, and Buffalo, New York.

49.     As an environmental analyst, Eshenour's primary job duties included GIS mapping and post processing of ground and surface water field data and field work taking groundwater and surface water samples, spending over 25% her physical tasks doing such physical tasks, as well as standing or otherwise being "on her feet" for extended periods of time.

50.     Stantec typically scheduled Eshenour to work approximately 9 to 10 hours a day for 5 days a week and occasionally many more hours (45 to 50+ hours a workweek).

51.     Stantec paid Eshenour under its straight time for overtime pay scheme.

52.     Specifically, Stantec required Eshenour to record her "on the clock" hours worked via its designating timekeeping system and paid her the same hourly rate, approximately $35 an hour, for all hours worked, including hours worked in excess of 40 a workweek.

53.     For example, during the January 11 to 24, 2022 bi-weekly pay period, Eshenour worked 93 hours "on the clock" and Stantec paid her the same $32.08 an hour for all 93 hours worked:

```
For inquiries on this statement please call: 480-687-6100
Total Hours Worked:        93.00
Basis of Pay:              Hourly
Pay Rate:                  32.08

                                 Hours/      This
Earnings           Rate         Units      Period  Year-to-Date

Earnings
Regular           32.08         93.00      2983.44     33395.28
Holiday                         0.00        0.00        1283.20
Regular  MT                     0.00        0.00          0.00
Sick                            0.00        0.00         785.96
Training  Int                   0.00        0.00         224.56
Vacation                        0.00        0.00        1363.40
Gross Pay                                  2983.44      37052.40
```

54.     Thus, Stantec failed pay Eshenour at least 1.5 times her regular rate of pay for all hours worked in excess of 40 a workweek.

55.     Likewise, Stantec failed to record and/or identify her overtime hours and/or overtime rate of pay.

56.     And Stantec requires the other Straight Time Employees to record the number of "on the clock" hours they work, as well.

57.     Like Eshenour, the other Straight Time Employees regularly work more than 40 hours a workweek.

58.     The other Straight Time Employees worked more than 40 hours in at least one workweek during the 6 years and 228 days before this Complaint was filed.

59.     Indeed, like Eshenour, the Straight Time Employees typically work 9 to 10+ hours a day for 5 days a week (45 to 50+ hours a workweek).

60.     Eshenour and the other Straight Time Employees work in accordance with the schedule set by Stantec.

61.     But when Eshenour and the Straight Time Employees work more than 40 hours in a workweek, Stantec does not pay them overtime wages of at least 1.5 times their regular rates of pay.

62.     Stantec only pays Eshenour and the Straight Time Employees straight time for overtime.

63.     Stantec does not pay Eshenour and the other Straight Time Employees on a "salary basis."

64.     That is, Stantec does not pay them a predetermined, guaranteed sum on a weekly or less frequent basis that is not subject to reduction based on the quality or quantity of work.

65.     Indeed, for example, Stantec's pay records identify Eshenour's "Basis of Pay" as hourly.

66.     Stantec only pays Eshenour and the other Straight Time Employees for the hours they record actually working.

67. Eshenour and the Straight Time Employees are non-exempt employees and, therefore, entitled to overtime wages.

68. But Stantec does not pay them overtime wages when they work more than 40 hours in a workweek, in violation of the FLSA and NYLL.

69. Additionally, despite regularly spending more than 25% of her shifts performing physical tasks, Stantec failed to timely pay Eshenour her earned wages.

70. Instead, Stantec paid Eshenour on a bi-weekly basis.

71. As a result of Stantec's untimely wage payments, it has underpaid Eshenour for the first seven days of each bi-weekly pay period throughout her employment.

72. Thus, Stantec has failed to timely pay Eshenour her wages earned not later than seven days after she earned such wages, as required by NYLL § 191(1)(a), for every other week from January 2020 through December 2023.

73. As a result of Stantec's untimely wage payments, Stantec has underpaid Eshenour every other week across this entire period.

74. Stantec's underpayments deny Eshenour the time-value of her earned wages. *See Freeland v. Findlay's Tall Timbers Distrib. Ctr., LLC*, --- F. Supp. 3d. ---, 2023 WL 4457911, at *7 (W.D.N.Y. July 11, 2023) (holding an employee's "lost time value of his wages" from being paid late was an injury in fact).

75. For example, Eshenour is unable to invest, save, or purchase utilizing the wages she earned during the first seven days of each bi-weekly pay period throughout her employment.

76. Stantec subjects the other Manual Workers to the same policies it imposed on Eshenour.

77. Indeed, the other Manual Workers perform the same or similar physical job duties as Eshenour.

78.     Over 25% of the other Manual Workers' daily job duties are the same or similar physical tasks that Eshenour performs, including but not limited to walking, standing, "being on their feet," and/or collecting groundwater samples, surface water samples, and/or locating and collecting other field samples.

79.     But like Eshenour, despite regularly spending more than 25% of their worktime performing these physical tasks, Stantec fails to timely pay the other Manual Workers their earned wages.

80.     Instead, like Eshenour, Stantec pays the other Manual Workers on a bi-weekly basis.

81.     As a result of its untimely wage payments, Stantec underpays the other Manual Workers for the first seven days of each bi-weekly pay period.

82.     And Stantec's underpayments similarly deny the other Manual Workers the time-value of their money, as they are unable to invest, save, or purchase utilizing the wages they earned and are owed during each underpaid workweek.

83.     Thus, like Eshenour, Stantec pays the other Manual Workers on an untimely basis, in willful violation of NYLL 191.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

84.     Eshenour brings her claims as a class and collective action on behalf of herself and the other Straight Time Employees.

85.     The Straight Time Employees are uniformly victimized by Stantec's straight time for overtime pay scheme and bi-weekly pay.

86.     Other Straight Time Employees worked with Eshenour and indicated they were paid in the same manner, performed similar work, and were subject to Stantec's same straight time for overtime pay scheme.

87.    Based on her experience with Stantec, Eshenour is aware Stantec's illegal practices were imposed on other Straight Time Employees.

88.    The Straight Time Employees are similarly situated in the most relevant respects.

89.    Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

90.    Any relevant exemption defenses to the straight time for overtime pay scheme would require Stantec to pay the Straight Time Employees on a salary basis.

91.    Because Stantec fails the salary basis test with respect to the Straight Time Employees, the specific job duties performed by them are largely irrelevant.

92.    The only relevant issue is whether the Straight Time Employees worked more than 40 hours in a workweek.

93.    Therefore, the specific job titles or precise job locations of the various Straight Time Employees do not prevent class or collective treatment.

94.    Rather, Stantec's straight time for overtime pay scheme renders Eshenour and the other Straight Time Employees similarly situated for the purpose of determining their right to overtime pay.

95.    Stantec's records reflect the number of hours recorded worked "on the clock" each week by the Straight Time Employees.

96.    Stantec's records also show the Straight Time Employees were paid "straight time," instead of "time and a half," for hours they worked in excess of 40 a workweek.

97.    And Stantec's records also reflect it failed to pay the Straight Time Workers their lawfully earned wages within seven days of the time they completed their work.

98.    The back wages owed to Eshenour and the other Straight Time Employees can therefore be calculated using the same formula applied to the same records.

99.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Stantec's records, and there is no detraction from the common nucleus of liability facts.

100.    Therefore, the issue of damages does not preclude class or collective treatment.

101.    Eshenour's experiences are therefore typical of the experiences of the Straight Time Employees.

102.    Eshenour has no interest contrary to, or in conflict with, the other Straight Time Employees.

103.    Like each Straight Time Employee, Eshenour has an interest in obtaining the unpaid wages owed under federal and NYLL.

104.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of this Action.

105.    Absent this class and collective action, many Straight Time Employees will not obtain redress for their injuries, and Stantec will reap the unjust benefits of violating the FLSA and NYLL law.

106.    Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome to the judicial system and Stantec.

107.    Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

108.    The questions of law and fact that are common to each Straight Time Employee predominate over any questions affecting solely the individual members.

109.    Among the common questions of law and fact are:

    a.      Whether Stantec applied its straight time for overtime pay scheme to the Straight Time Employees;

b. Whether Stantec misclassified the Straight Time Employees as exempt from the FLSA's and NYLL's overtime provisions;

c. Whether the Straight Time Employees are non-exempt employees entitled to overtime wages;

d. Whether Stantec's straight time for overtime pay scheme satisfies the "salary basis" test;

e. Whether Stantec's straight time for overtime pay scheme deprived the Straight Time Employees of premium overtime wages they are owed under the FLSA and NYLL;

f. Whether Stantec paid the Straight Time Employees their earned wages on a bi-weekly basis;

g. Whether Stantec paid the Straight Time Employees their lawfully earned wages on an untimely basis in violation of the NYLL;

h. Whether Stantec's decision to misclassify the Straight Time Employees as exempt from overtime was made in good faith;

i. Whether Stantec's decision not to pay the Straight Time Employees overtime wages was made in good faith; and

j. Whether Stantec's FLSA and NYLL violations were willful?

110. Eshenour knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

111. As part of its regular business practices, Stantec intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL with respect to the Straight Time Employees.

112.    Stantec's straight time for overtime pay scheme deprived Eshenour and the other Straight Time Employees of the overtime wages they are owed under federal and New York law and bi-weekly pay deprived them of timely pay in violation New York law.

113.    There are many similarly situated Straight Time Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

114.    This notice should be sent to the Straight Time Employees pursuant to 29 U.S.C. § 216(b).

115.    The Straight Time Employees are known to Stantec, are readily identifiable, and can be located through Stantec's business and personnel records.

### STANTEC'S VIOLATIONS WERE WILLFUL

116.    Stantec knew it was subject to the FLSA's and NYLL's overtime and timely pay provisions.

117.    Stantec knew the FLSA and NYLL required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 a workweek.

118.    Stantec knew each Straight Time Employee worked more than 40 hours in at least one workweek during the 6 years and 228 days before this Complaint was filed because it expected and required them to do so.

119.    Stantec knew the Straight Time Employees were its hourly employees.

120.    Stantec knew it paid the Straight Time Employees by the hour.

121.    Stantec knew it did not accurately record the overtime hours and rate of pay on the Straight Time Employees pay statements.

122.    Stantec knew it paid the Straight Time Employees straight time for overtime.

123. Stantec knew it did not pay the Straight Time Employees on a "salary basis."

124. Stantec knew it needed to pass the salary basis test to qualify for any exemptions it might claim with respect to the Straight Time Employees.

125. Nonetheless, Stantec misclassified the Straight Time Employees as exempt and refused to pay them overtime.

126. Stantec knows the NYLL requires it to pay manual workers their lawfully earned wages not later than seven calendar days after the end of the week in which such wages are earned.

127. Stantec knows Eshenour and other Straight Time Employees regularly spend more than 25% of their shifts performing physical tasks.

128. In other words, Stantec knows, should have known, or recklessly disregards whether Eshenour and other Straight Time Employees were "manual workers" entitled to weekly pay under the NYLL.

129. Nonetheless, Stantec does not pay Eshenour and the other Straight Time Employees their lawfully earned wages within seven calendar days after the end of the week in which they earned such wages.

130. Instead, Stantec pays Eshenour and its other Straight Time Employees on a bi-weekly basis.

131. In other words, Stantec knows, should have known, or recklessly disregards whether it failed to timely pay Eshenour and the other Straight Time Employees their lawfully earned wages in violation of the NYLL.

132. Stantec's failure to timely pay Eshenour and the other Straight Time Employees their lawfully earned wages is neither reasonable, nor is Stantec's decision to pay these manual workers on a bi-weekly basis made in good faith.

133.    Stantec's decision to misclassify Eshenour and the other Straight Time Employees as exempt employees was neither reasonable, nor was the decision to misclassify these employees as exempt made in good faith.

134.    Stantec's failure to pay Eshenour and the other Straight Time Employees overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

135.    Indeed, Stantec has been sued previously by employees for failing to pay them overtime wages, including through the same or similar straight time for overtime pay scheme imposed on the Straight Time Employees. *See, e.g.*, *Lopeman v. Stantec Consulting Servs., Inc.* No. 1:21-cv-02386-RM-NRN (D. Colo.); *Deville v. Stantec Consulting Servs., Inc.* No. 1:20-cv-01654-PAB-KMT (D. Colo.).

136.    Stantec knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA and NYLL.

137.    Stantec knowingly, willfully, and/or in reckless disregard carried out its straight time for overtime pay scheme that deprived the Straight Time Employees of premium overtime wages in violation of the FLSA and NYLL.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

138.    Eshenour brings her FLSA claims as a collective action on behalf of himself and the other FLSA Collective Members.

139.    Stantec violated, and is violating, the FLSA by employing non-exempt employees (Eshenour and the FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay for hours worked in excess of 40 a workweek.

140.    Stantec's unlawful conduct harmed Eshenour and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

141.    Accordingly, Eshenour and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

**COUNT II**

**FAILURE TO PAY OVERTIME WAGES UNDER THE NYLL**
**(NEW YORK CLASS)**

142.    Eshenour brings her NYLL claims as a class action on behalf of herself and the other New York Class Members pursuant to FED. R. CIV. P. 23.

143.    Stantec's conduct violates the NYLL and its implementing regulations. *See* NYLL §§ 190, *et seq.* and 650, *et seq.*; 12 NYCRR Part 142-3.2.

144.    At all relevant times, Stantec's was subject to the NYLL because Stantec was (and is) an "employer" within the meaning of the NYLL. NYLL §§ 190(3) and 651(6).

145.    At all relevant times, Stantec employed Eshenour and each New York Class Member as its covered "employees" within the meaning of the NYLL. NYLL §§ 190(2) and 651(5).

146.    The NYLL requires employers, like Stantec, to pay non-exempt employees, including Eshenour and the other New York Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 a workweek. NYLL §§ 190, *et seq.* and 650, *et seq.*; 12 NYCRR Part 142-3.2 and 142-3.14.

147.    Eshenour and the other New York Class Members are entitled to overtime pay under the NYLL.

148.    Stantec violated, and is violating, the NYLL by employing non-exempt employees, Wasley and the other New York Class Members, for workweeks longer than 40 hours without paying

them overtime wages at rates at least 1.5 times their regular rates of pay for all hours worked over 40

in a workweek. *See* NYLL §§ 190, *et seq.* and 650, *et seq.*; 12 NYCRR Part 142-3.2 and 142-3.14.

149.    Stantec's unlawful conduct harmed Eshenour and the other New York Class Members

by depriving them of the premium overtime wages they are owed.

150.    Accordingly, Stantec owes Eshenour and the other New York Class Members the

difference between the rate actually paid and the required overtime rate plus interest on those amounts.

*See* NYLL §§ 198(1-a) and 663(1).

151.    Because Stantec acted willfully, without a good faith basis, and with reckless disregard

of clearly applicable New York law, Stantec is also liable to Eshenour and the other New York Class

Members for an amount equal to all their unpaid wages as liquidated damages. *See* NYLL §§ 198(1-a)

and 663(1).

152.    Finally, Eshenour and the other New York Class Members are entitled to recover all

reasonable attorneys' fees and costs incurred in this action. *See* NYLL §§ 198(4) and 663(4).

## COUNT III

### FAILURE TO PAY TIMELY WAGES UNDER THE NYLL
### (MANUAL WORKERS)

153.    Eshenour brings his NYLL claims as a class action on behalf of herself and similarly

situated Manual Workers pursuant to FED. R. CIV. P. 23.

154.    Section 191 of the NYLL requires employers, like Stantec, to pay manual workers,

including Eshenour and the other Manual Workers, their lawfully earned wages weekly and not later

than seven calendar days after the end of the week in which such wages are earned. *See* NYLL §

191(1)(a).

155.    NYLL § 191's timely payment of wages provisions and its supporting regulations apply

to Stantec and protect Eshenour and the other Manual Workers.

156.    Stantec violated, and is violating, the NYLL by failing to pay Eshenour and the other Manual Workers on a timely basis. *See* NYLL § 191(1)(a).

157.    Stantec's unlawful conduct harmed Eshenour and the other Manual Workers by depriving them of the earned wages they are owed.

158.    In violating the NYLL, Stantec acted willfully, without a good faith basis, and with reckless disregard of clearly applicable New York law.

159.    Thus, Stantec's NYLL violations with respect to Eshenour and the other Manual Workers were "willful" within the meaning of NYLL § 198.

160.    In *Caul v. Petco Animal Supplies, Inc*, Judge Kovner of the Eastern District of New York held the NYLL's liquidated damages provisions are "designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed." No. 20-CV-3534 (RPK)(SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021), *motion to certify appeal denied*, No. 20-CV-3534 (RPK)(SJB), 2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) (citing *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018)).

161.    Accordingly, Eshenour and the other Manual Workers are entitled to recover the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

<u>COUNT IV</u>

**FAILURE TO PAY COMPLY WITH WAGE STATEMENT REQUIREMENTS UNDER THE NYLL
(NEW YORK CLASS)**

162.    Stantec failed to provide the New York Class Members with accurate, compliant wage statements with each payment of wages, in violation of NYLL § 195(3).

163.    Due to these violations, the Straight Time Employees are entitled to recover from Stantec, $250 for each workday that the violations occurred, up to a total of $5,000 per New York Class Members, and reasonable attorneys' fees and costs incurred in this action. NYLL § 198(1-d).

**JURY DEMAND**

164.    Eshenour demands a trial by jury on all Counts.

### RELIEF SOUGHT

WHEREFORE, Eshenour, individually and on behalf of the Straight Time Employees, seeks the following relief:

a.    An Order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.    An Order certifying a class action pursuant to FED. R. CIV. P. 23;

c.    An Order appointing Eshenour and her counsel to represent the interests of the Straight Time Employees;

d.    An Order finding Stantec liable to Eshenour and the other FLSA Collective Members for unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e.    An Order finding Stantec liable to Eshenour and the New York Class Members for all unpaid overtime wages and wage statement recovery owed under the NYLL, plus liquidated damages in an amount equal to their unpaid wages;

f.    An Order finding Stantec liable to Eshenour and the other Manual Workers for liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

g.    A Judgment against Stantec awarding Eshenour and the Straight Time Employees all their unpaid wages, liquidated damages, statutory damages, and any other penalties available under the FLSA and NYLL;

h.    An Order awarding attorneys' fees, costs, and expenses;

      i.      Pre- and post-judgment interest at the highest applicable rates; and

      j.      Such other and further relief as may be necessary and appropriate.

Dated: January 22, 2025

Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: _/s/ Michael Josephson_
Michael A. Josephson
TX Bar No. 24014780
Andrew W. Dunlap
TX Bar No. 24078444
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:     (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:     (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR ESHENOUR & THE STRAIGHT TIME EMPLOYEES**